IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONALD GITTENS,                               *

     Petitioner,                             *

v.                                            *          Civil Action No. GLR-22-2704

LEONARD JOHNSON, et al.                       *

     Respondents.                            *

***

## MEMORANDUM OPINION

THIS MATTER is before the Court on Donald Gittens' Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging his 2015 conviction in the Circuit Court for Baltimore City, Maryland. (ECF No. 1). No hearing is necessary. See Rule 8(a), Rules Governing § 2254 Cases in the U.S. Dist. Cts.; Local Rule 105.6 (D.Md. 2025); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For the reasons that follow, the Petition shall be dismissed as moot and a certificate of appealability shall not issue.

## I.  BACKGROUND

On May 31, 2012, Gittens was charged with numerous sex offenses. (Limited Answer at 8, ECF No. 7-1). In July 2015, Gittens was tried by bench in the Circuit Court for Baltimore City, Maryland. (Id.). Gittens was found guilty of sexual abuse of a minor, two counts of second-degree sex offense, possession of child pornography, and causing/soliciting a minor to engage in child pornography. (Id.). The Circuit Court

sentenced Gittens to an aggregate 45 years' imprisonment, with all but 25 years suspended, and 5 years of supervised probation. (Id. at 8–9).

Gittens filed a direct appeal with the Appellate Court of Maryland,[1] and in an unpublished opinion issued on June 4, 2021, the court concluded that the Circuit Court failed to strictly comply with Maryland Rule 4-215 concerning waiver of counsel and reversed Gittens' conviction. (Id. at 9).

Gittens filed his Petition for Writ of Habeas Corpus in this Court on October 19, 2022. (ECF No. 1). At the time, Gittens' retrial had not yet occurred. Gittens alleges:

1.  Violation of Common Law. I was violated under the color of law, and still remain in common law jurisdiction, the law of the land. Judge Charles J. Peters refused to answer none of my challenges and ruled a guilty ruling in the matter.

2.  Criminal Trespass. In the case of Donald Gittens a live human being, my right of privacy was trespassed in the matter. Such matters is unlawful and unjust, and punishable by a prison sentence by those who carry out the judgment of sentence.

3.  Bound by Law. I Donald of the Gittens family; Donald Gittens; a living breathing human being is bound by law and freedom (long live human being customs and traditions).

4.  Tort Claim. I claim freedom, defamation, damages, rights, and wrongful judgment as a human being under color of law. I pray to be free of all rules, codes, statutes, articles of gov. under color of law.

---

[1] At the time Gittens' case was litigated in the Maryland state courts, the Appellate Court of Maryland was named the "Court of Special Appeals" and the Supreme Court of Maryland was named the "Court of Appeals of Maryland." At the November 8, 2022, general election, the voters of Maryland ratified a constitutional amendment changing the name of both courts. The name change took effect on December 14, 2022.

(Id. at 6–7). Gittens attached documents to his Petition, including a letter to the Department of Justice (ECF No. 1-1 at 2–3), "Sovereignty Secrets: Set Up Your Own Fee Schedule" (id. at 4–9), and "Caveat Judices (Judges Beware!)." (Id. at 10–22).

In December of 2022, Gittens was retried by jury in the Circuit Court for Baltimore City. (Limited Answer at 10). He was convicted of sexual abuse charges. (Id.). Based on the records provided to the Court, it appears that Gittens may be pursuing or may still have the right to pursue appellate or postconviction remedies in connection with his 2022 conviction.

## II.    DISCUSSION

### A.    Standard of Review

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute sets forth a "highly deferential standard for evaluating state-court rulings." Lindh v. Murphy, 521 U.S. 320, 333 n.7 (1997); Bell v. Cone, 543 U.S. 447, 455 (2005). The standard is "difficult to meet" and requires courts to give state-court decisions "the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citations omitted); see also White v. Woodall, 572 U.S. 415, 419–20 (2014) (finding that a state prisoner must show that the state court ruling on the claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement" (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011))).

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court (1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." Williams v. Taylor, 529 U.S. 362, 405 (2000) (citation omitted).

Under the "unreasonable application" analysis under § 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of that decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." Id. (quoting Williams, 529 U.S. at 410).

Further, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." Wood v. Allen, 558 U.S. 290, 301 (2010) (citing Rice v. Collins, 546 U.S. 333, 341–42 (2006)). Thus, "even if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on an unreasonable determination of the facts. Id. (internal quotation

marks and citation omitted). Similarly, "a federal habeas court may not issue the writ simply because [it] concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Renico v. Lett, 559 U.S. 766, 773 (2010) (quoting Williams, 529 U.S. at 411).

The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010). This is especially true where state courts have "resolved issues like witness credibility, which are 'factual determinations' for purposes of Section 2254(e)(1)." Id. (quoting Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003)).

**B.    Analysis**

As an initial matter, the Court will address which conviction is at issue in Gittens' federal habeas Petition. In their Answer, Respondents make alternative arguments in the event the Court construes Gittens' Petition as if he was a pretrial detainee (under 28 U.S.C. § 2241) or as if he was challenging his 2022 conviction. (Limited Answer at 6–7, ECF No. 7). Gittens identified his 2015 conviction as the one he is challenging in his habeas Petition (Pet. at 1, ECF No. 1) and he also identified the trial judge who presided over his 2015 trial

in his first ground for relief. (Id. at 6).[2] Thus, the Court construes Gittens' Petition as stated and declines to address Respondents' arguments that relate to anything other than Gittens' 2015 conviction.[3]

Turning to the merits of Gittens' Petition, the Court finds that it was mooted by the reversal of his 2015 conviction. "A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. Id. at 478 (quoting City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

On June 4, 2021, the Appellate Court of Maryland vacated Gittens' 2015 conviction and granted Gittens a new trial. (Gittens v. Maryland, Md. Ct. Special Appeals, June 4, 2021 Op. at 137–142, ECF 7-1). Because Gittens was granted a new trial, there is no remedy that this Court can provide as to the 2015 conviction. See Chafin v. Chafin, 568

---

[2] Judge Charles Peters presided over Gittens' 2015 trial; Judge Paul Cucuzzella presided over his 2022 trial. (Case Search R. at 7, 12, ECF 7-1).

[3] Considering the consequences that may occur from a ruling that could unfairly bar as successive claims not yet adjudicated in the state courts pertaining to Gittens' 2022 conviction, the Court makes no ruling that assumes his claims pertain to anything other than his 2015 conviction.

U.S. 165, 172 (2013) (recognizing that a case becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party."); see also Lowe v. Duckworth, 663 F.2d 42, 43–44 (7th Cir. 1981) (finding a habeas action moot when the state authorities granted the prisoner a new trial while the appeal was pending and stating that the petitioner can obtain no further remedy from his habeas petition); Cumbo v. Eyman, 409 F.2d 400 (9th Cir. 1969) (finding that a reversal by the state appellate court of the petitioner's conviction rendered the habeas corpus proceeding moot in federal court); Berry v. South Carolina, No. C.A. 0:08-2403-HMHPJ, 2009 WL 1285896, at *1 (D.S.C. May 8, 2009) (same). Accordingly, the Court will dismiss Gittens' Petition as moot.

Even if the Petition was not moot, the Court would find that Gittens' Petition fails to state a claim. Rule 2(c) of the Rules Governing Section 2254 Cases requires a petitioner to specify all the grounds for relief available to him and to state the facts that support each ground for relief. Rule 2(c), 28 U.S.C.A. § 2254. Gittens' habeas petition is deficient as it fails to specify any valid grounds for habeas relief.

The grounds for relief stated in Gittens' Petition are similar to "sovereign citizen" claims brought by pro se litigants seeking to challenge the court's jurisdiction over them and their criminal convictions. "[S]overeign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." United States v. Ulloa, 511 F.App'x. 105, 106 n.1 (2d Cir. 2013).

Sovereign citizen claims lack merit and are frivolous. See United States v. White, 480 F.App'x 193, 195 (4th Cir. 2012) (unpublished) (finding "no merit in [the] claim that

the district court lacked jurisdiction over his prosecution because his ancestors had been illegally seized and brought to the United States"); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (noting that "[r]egardless of an individual's claimed status . . . as a 'sovereign citizen' . . . that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily . . . ."); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (holding that defendant's "sovereign citizen" argument was "completely without merit" and "patently frivolous"). Accordingly, the Court will dismiss Gittens' Petition.

### III.    CERTIFICATE OF APPEALABILITY

Having found Gittens' Petition moot, this Court must determine if a certificate of appealability should issue. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684–85 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Gittens' pleadings fail to demonstrate that a certificate of appealability should issue; he still may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## IV.    CONCLUSION

For the foregoing reasons, the Court will dismiss Gittens' Petition (ECF No. 1) as moot and direct the Clerk to close this case. A separate Order follows.


_____7/14/25_____                    _____/s/_____
Date                                     George L. Russell III
                                         Chief United States District Judge